IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT KIRBY WELLS,<br><br>    Debtor.<br><hr>ROBINHOOD FINANCIAL, LLC & ROBINHOOD SECURITIES, LLC,<br><br>    Garnishee. | Case No. 2:24-mc-00353-WBS-SCR<br><br>**FINDINGS AND RECOMMENDATIONS FOR FINAL ORDER OF CONTINUING GARNISHMENT**<br><br>Criminal Case No. 2:21-CR-00164-WBS |

On September 12, 2024, the United States filed an application for a writ of continuing garnishment concerning property owned by Robert Kirby Wells in the possession, custody, or control of Garnishee Robinhood Financial, LLC & Robinhood Securities, LLC. (ECF No. 1).  The writ of garnishment was issued on September 18, 2024.  (ECF No. 3).  Garnishee filed an answer indicating it has possession, custody, or control of property in which Debtor maintains an interest.  (ECF No. 6). Robert Kirby Wells, filed objections and a request for hearing, claiming that the property was subject to three enumerated exemptions and alleged that the United States' application suffered fatal procedural deficiencies.  (ECF No. 9).  After full briefing and a hearing conducted on November 19, 2024, and

having reviewed the arguments of the parties, the undersigned finds that no exemption applies to the funds at issue and that the government followed the procedures required by statute, for reasons explained on the record. The undersigned accordingly recommends that Debtor's objections be overruled, and the application be granted.

Accordingly, IT IS RECOMMENDED that:

1. Garnishee Robinhood Financial, LLC & Robinhood Securities, LLC, be directed to pay the Clerk of the United States District Court all funds held by Garnishee within fifteen (15) days of the filing of the Final Order. Payment shall be made in the form of a check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

> Office of the Clerk
> 501 I St., Rm. 4-200
> Sacramento, CA 95814

The criminal docket number (**2:21-CR-00164-WBS**) shall be stated on the payment instrument;

2. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

3. The garnishment shall terminate when the payment is deposited with the Clerk of the Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days, after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE